No. 14974

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

THE STATE OF MONTANA, Acting by and through
the Department of Highways of the State of
Montana,

Plaintiff and Respondent,

vs.

THOMAS HELEHAN,

Defendant and Appellant.

Appeal from: District Court of the Second Judicial District,
Honorable James D.Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Daniels and Mizner, Deer Lodge, Montana

For Respondent:

Daniel J. Sullivan, Highway Legal Department, Helena,
Montana

Submitted on briefs: January 16, 1980

Decided: FEB 5 1980

Filed: FEB 5 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Second Judicial District, in and for the County of Silver Bow, in an eminent domain proceeding.

In July 1965, the State of Montana through the Department of Highways sought to condemn part of a patented mining claim outside the City of Butte, in Silver Bow County. Defendant Thomas Helehan owned an undivided one-eighth (1/8) interest in the mining claim. Eleven years later a commission awarded the appellant Helehan the sum of $30,886 for his interest; and on December 15, 1976, Helehan and his attorney, Joseph Engle III, withdrew the sum of $23,194.50 by warrant made payable to both of them by the Silver Bow County Clerk of Court. Engle took one-third (1/3) of that amount as his attorney fee and Helehan took the balance. Thereafter, differences of opinion arose between Engle and the appellant, and the attorney-client relationship was severed. New counsel was obtained by Helehan and on May 3, 1979, a jury awarded Helehan the sum of $5,000 for his interest in the claim. Thereafter, at a hearing in District Court, appellant Helehan contended that the judgment decreeing that the excess monies withdrawn could only be collected in a separate action and that Mr. Engle was an indispensable party to such action. The District Court awarded judgment to Helehan but deducted what it calculated to be the balance due the State of Montana. That judgment found that Helehan was indebted to the State of Montana for $15,680.88, plus interest. It is from that judgment and a denial of the motion to alter or amend said judgment that Helehan appeals.

Two issues are presented on appeal:

1. Did the District Court properly award the State of Montana a money judgment in absence of a hearing on the merits and in the absence of an indispensable party?

2. Did the District Court properly credit interest due the defendant?

In order to answer the first issue properly, the respondent suggests, and we believe quite properly so, the issue should be restated in the following manner: Did the District Court properly issue a judgment in this case, providing that the excess withdrawal of the appellant should be returned to the State with interest?

It is the appellant's argument that section 70-30-311, MCA provides that in order to recover any excess amounts in a matter of this type, there should be a separate legal action by the State. Appellant cites no authority for this position other than the statute, and fails to recognize that this very problem was considered by this Court in The State of Montana v. Churchwell (1965), 146 Mont. 52, 403 P.2d 751. In that case, the Court considered the deposit of the 75% of a commission award as provided by Chapter 234 of the Laws of 1961 and noted that:

> "A careful reading of the last amendatory section clearly shows that the district court can limit the draw-down to 75 per cent unless sureties are provided for the amount over 75 per cent. This provision is to protect the State where more money has been withdrawn than is awarded by the jury, and with all parties to the litigation before the court, even though an action is mentioned in the statute there could appear to be no reason under this amendment that should restrain or prohibit the district court in finally determining the issue." Churchwell, supra, at 62, 403 P.2d at 756.

The District Court recognized the authority cited in

Churchwell and ruled accordingly. Thereafter, the appellant created a side-issue by contending that appellant's attorney Engle was paid some of the money withdrawn, therefore, the attorney, by reason of such payment, became a party to such action and that the State must look to him to recover that money paid to the attorney by bringing a separate action against him. Appellant cites no authority to support this contention that Engle was a party to the condemnation action. No facts were presented that the appellant was not the sole party to the action at the time of the trial. As would appear from the fact situation, the payment by the appellant to Engle must have been made pursuant to some private agreement between counsel and appellant.

The payment of some $7,000 by the appellant to his attorney clearly is not a payment of attorney's fees as "necessary expenses of litigation" pursuant to sections 70-30-305 and 70-30-306, MCA. Payment to Engle was made after the condemnation award was deposited, but before jury trial. The court file indicates that this payment was made after the commission award had been appealled. The award of attorney's fees in a condemnation case is only authorized at the conclusion of the litigation. It is only authorized after notice and a hearing before the District Court and if the landowner prevails in the litigation. In addition, the amount to be paid is not decided by the defendant in a court condemnation action, but by the District Court.

Here it is obvious that the payment to Engle did not make him a party to this action, nor is there any authority cited to us that he became an indispensable party.

The judgment of the District Court is hereby affirmed.

_____
Justice

We concur.

_____
Chief Justice

_____

_____
Justices